**COATING PRODUCTS, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

Nos. 631, 1359. Dockets 80–4198, 80–4214.

United States Court of Appeals, Second Circuit.

Argued April 3, 1981.

Decided May 4, 1981.

Mark S. Shipman, Schatz & Schatz, Ribicoff & Kotkin, Hartford, Conn., for petitioner.

Jonathan Saperstein, Atty., N. L. R. B., Washington, D. C. (William A. Lubbers, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Acting Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, William Wachter, Atty., N. L. R. B., Washington, D. C., of Counsel), for respondent.

Before FEINBERG, Chief Judge, VAN GRAAFEILAND, Circuit Judge, and MALETZ, Judge, United States Court of International Trade.*

FEINBERG, Chief Judge:

Coating Products, Inc., a Connecticut corporation, petitions for review of an order of the National Labor Relations Board, which requires that petitioner (a) cease and desist from enumerated violations of section 8(a) of the National Labor Relations Act (the Act), 29 U.S.C. § 158(a); (b) reinstate one employee and make him and another employee whole for losses attributable to peti-

---

* Honorable Herbert N. Maletz, Judge of the United States Court of International Trade, sitting by designation.

tioner's illegal conduct; and (c) recognize and bargain with a designated union local (the union) as the representative of petitioner's production and maintenance employees. The Board cross-applies for enforcement of its order. For the reasons stated below, we deny the petition for review and grant the application for enforcement.

Affirming the findings and conclusions of an administrative law judge (the ALJ), the Board found that petitioner had violated section 8(a)(1) of the Act by, inter alia, coercive questioning of employees, statements giving the impression of illegal surveillance of union activity, threats of lost benefits and layoffs, and the presentation and implementation of a "company plan" of pay raises and other benefits. The Board also found that the promotion of an "employee committee" by petitioner's management constituted a violation of section 8(a)(2) of the Act and that the constructive discharge of a union activist violated section 8(a)(3). Finally, the Board found that petitioner violated section 8(a)(5) by refusing to bargain with the union after it obtained signed authorization cards from a majority of employees in the unit.

Petitioner argues that in a number of respects these findings are not supported by substantial evidence in the record, and that the ALJ was biased against it. We conclude, however, that the violations found by the Board do rest on substantial evidence, and that the ALJ's conduct does not justify denial of enforcement of the order.

The only issue requiring discussion is the propriety of the Board's issuance of a bargaining order under the circumstances of this case. In *NLRB v. Jamaica Towing, Inc.*, 632 F.2d 208 (2d Cir. 1980), this court undertook a thorough canvass of the problems involved in the issuance of such orders. Among other things, that decision identified a number of "hallmark" violations of the federal labor laws that are "regularly re-

garded ... as highly coercive" and that "support the issuance of a bargaining order unless some significant mitigating circumstance exists." Id. at 212. The Board found that at least two such violations occurred here: the reassignment and constructive discharge of the union activist and the grant of substantial pay and fringe benefits under the "company program" at a time when the union drive was under way. These findings alone "justif[y] a finding without extensive explication that [the employer's conduct] is likely to have a lasting inhibitive effect on a substantial percentage of the work force." Id. at 213. Under *Jamaica Towing*, therefore, the Board's issuance of the bargaining order on the basis of the union authorization cards, signed by a majority of the employees, was not an abuse of its "wide, though not unfettered, discretion" in remedying an employer's unfair labor practices. See *NLRB v. Hendel Manufacturing Co.*, 483 F.2d 350, 353 (2d Cir. 1973); cf. *NLRB v. Gissel Packing Co.*, 395 U.S. 575, 612 n.32, 614–15, 89 S.Ct. 1918, 1939 n.32, 1940–41, 23 L.Ed.2d 547 (1969).

We note, nevertheless, that the bargaining order would rest on more secure ground if the Board had taken more care to explain why traditional remedies, such as a cease and desist order, would not have been sufficient in this case to dispel the effects of the employer's past misconduct. Instead, the Board offered little more than a conclusory justification for the order.[1] We believe it important for the Board to give some indication of the reasoning behind its recourse to the extraordinary remedy of a bargaining order, with all its attendant risks. Failure to do so may tend to make routine a remedy that should remain exceptional. We think this should be avoided, and take this occasion to register our concern.

In this particular instance, however, we conclude that the Board's action was proper, and accordingly grant the application for enforcement of its order.

---

1. We are aware that the ALJ offered an extended explanation of his conclusion that a bargaining order was warranted in this case. The Board, however, made clear that it did not adopt the ALJ's principal rationale, precluding any inference that the Board intended to adopt the bulk of the ALJ's reasoning as its own.